IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                    CIVIL ACTION NO.
                                            07-1065

FILED

        v.                JUL 0 3 2007      CRIMINAL NO.
                  MICHAEL E. KUNZ, Clerk    03-795
                  By_____Dep. Clerk

GEORGE HAMILTON                         :

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as

"AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state

custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of

habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be

released from either state custody or federal custody (as the case may be) on the grounds that his

rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty

entered into by the United States, have been violated.  Benchoff v. Colleran, 404 F.3d 812 (3d

Cir. 2005); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2003); Coady v. Vaughn, 251

F.3d 480, 484-85 (3d Cir. 2001); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Petitioner in the instant matter filed what purported to be a petition seeking relief

pursuant to 28 U.S.C. §2241, which in reality seeks relief pursuant to 28 U.S.C. §2255. By

means of AEDPA, Congress intentionally created a series of restrictive gate-keeping conditions

which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a

writ of habeas corpus pursuant to 28 U.S.C. §2255.  One such intentionally restrictive gate-

keeping condition is AEDPA's strict and short statute of limitations, created by 28 U.S.C. §2255.

1

**ENTERED**
JUL 0 5 2007
**CLERK OF COURT**

Another intentionally restrictive gate-keeping condition is AEDPA's so-called "second or successive rule", created by 28 U.S.C. §2244(b) and 28 U.S.C. §2255, which generally forbids a litigant from filing a 28 U.S.C. §2255 habeas if that litigant had at least one prior 28 U.S.C. §2255 habeas that was dismissed with prejudice. For purposes of the second or successive rule, the concept of 'dismissal with prejudice' means either:

1.  that the prior case was dismissed after merits consideration and denial on the merits; or,

2.  that the prior case was dismissed on grounds of procedural default;[1] or,

3.  that the prior case was dismissed on grounds of AEDPA's statute of limitations.

Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); In re Minarik, 166 F.3d 591, 599-600 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). AEDPA provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition. Id. The strict requirements annunciated in AEDPA's second or successive rule were intentionally enacted in

---

[1] Procedural default occurs when a §2254 petitioner in this district court previously had the right to file an appeal of the conviction and/or sentence involved to a state court, or the right to file an application for post-conviction relief the conviction and/or sentence involved to a state court, concerning specific issues, but the petitioner did not, in fact, file such an appeal or application, and some procedural rule of the state court dictates that the time has passed for such a state filing.

order to support the Congressional policy of creating finality with respect to state and federal criminal prosecutions that involve federal constitutional issues. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

Petitioner has filed a previous petition in this court seeking relief pursuant to 28 U.S.C. §2255, labeled 06-cv-5511, which also attacked the conviction and/or sentence imposed in 03-cr-795-1, and which was dismissed on grounds of the AEDPA statute of limitations, which, as previously stated, acts as a dismissal with prejudice; therefore, the second or successive rule is clearly triggered in this matter.

Accordingly, this 2nd Day of July, 2007, it is hereby ORDERED as follows.

1.   07-cv-1065 shall be re-characterized by the Clerk of this Court as a civil action brought pursuant to 28 U.S.C. §2255 and not pursuant to 28 U.S.C. §2241.

2.   Leave is granted Petitioner to proceed in forma pauperis in this matter.

3.   This civil action is DISMISSED WITHOUT PREJUDICE on the grounds that this court lacks subject matter jurisdiction over it.

4.   The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as CLOSED in this court for all purposes, including statistics.

BY THE COURT:

JAMES T. GILES        J.

ENTERED

JUL 0 5 2007

CLERK OF COURT

3